RECEIVED
FEB 09 2017
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

Joboyd Gibson
    Petitioner

Vs

UNITED STATES OF AMERICA
    Respondant

Case No. 1:98 CR 00120-001

## Supplement and memorandum of motion to Amend --- this Brief.

Petitioner Joboyd Gibson is seeking this honorable Court to Amend this Brief to his currently 2255 motion of his Johnson Issue... ON Mar. 18. 2016, Petitioner file A 2255 Motion Seeking Relief under Johnson v United States, 135 S.Ct 2551 (2015) Through his Capacity as a pro se litigant, I Respectfully move this Court to vacate the judgement in this case and Correct this sentence under 28 U.S.C. Section 2255. ON Sept 19, 1999 I was sentence to a 4 level Enhancement under the then Mandatory Guidline manual (U.S.S.G) section 2K2.1. In Light of the Recent Supreme Court decision in Johnson v U.S. 135 S.Ct 2551 (2015) I No Longer Qualify for a 4 LEVEL Enhancement. Accordly, my Sentence of (180) months is a per se illegal sentence that Exceed the then Mandatory Sentencing guidline and violates due process of Law. I Respectfully ask this Court to grant this motion to vacate my sentence And Re-Sentence me to the proper Sentencing Guidline minus the 4 level enhancement under Section 2K2.1.

1

## Statement of facts

On Sept 04. 1999 I was guilty of Poss. of Firearm by Convicted felon, Conspiracy to Falsy documents to obtain Firearm. I was Sentence on Sept. 19. 1999 to 120 month AND 60 month. I was given A enhancement under U.S.S.G Section 2K2.1 for a crime of Violence offense And Drug Conviction... As of this Date I have served (228) months total.

Under Johnson V. U. States, I am no longer Subject to the U.S.S.G. Section 2K2.1 Enhancement for my Crime of violence conviction.

2

## This Claim is Cognizable under §2255

A Federal Prisoner may move to "vacate, set aside or correct his sentence if it was impose in violation of the Consititution" 28 U.S.C. § 2255. My sentence was imposed in violation of the Consititution because it was predicated on the Residual Clause of Career offender guidline which is unconsititutionally vague. "Imposing and increased sentence under the Residual Clause... vidates the Consititution's guarantee of due process" Johnson, 135 S.Ct. at 2563 The 5th Circuit held that "Johnson's Rule is constitunial because it derived from the 5th Amendment prohibition against the enforcement of any criminal law that is so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standless that it invites Arbitrary Enforcement. For these Reason, we conclude that Johnson announced a new Rule of Constituitional law that was previously unavailable to defendant." SEE 5th Cir... U.S. v. Estrada, No. 15-40264 5th Cir (2015) "... Johnson Applies to the Sentencing guidlines and the career offender Residual Clause is unconsititutionally vauge.. SEE... U.S. v. Estrada No. 15-40264 (5th Cir 2015) thus MR. Gibson's claim for Relief is Conizable under 2255...

"The Rule Announced in Johnson Applies Retroactively on Colleteral Review..." A Supreme Court decision Applies Retroactive to cases on Colleteral Review if it announced a "NEW" Rule that is "Substantive". Schriro v. Summerlin, 542 U.S. 348, 351 (2004) The Rule announced in Johnson satisfie both Requirements. The Rule

3

Announced in Johnson is "new" because the Courts Explicitly overruled its prior decision in James v. U.S. 550 U.S. 192 (2007) and Sykes v. U.S. 131 S.Ct 2267 (2011), in which had affirmed sentences imposed under the Residual clause and declined to find the clause unconstitutionally vague. See Johnson, 135 S.Ct at 2563. "Our holdings in James and Sykes are overruled". "The Explicit overruling of and Earlier holding no doubt creates a new Rule." Whorton v. Bockting, 549 U.S. 406, 416 (2007) (quoting Saffle v. Parks, 494 U.S. 484, 488 (1990) The 5th Cir held Johnson... applies to Guidline... U.S. v. Estrada (5th cir)

The Rule announced in Johnson is also substantive. Generally the Rule is substantive if it "narrows the scope of a criminal statue by interperting it's term," Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004)(citing Bousley v. U.S. 523 U.S. 614, 620-21 (1998), such as a Rule "prohibiting a certain category of punishment for a class of defendant because of their status or offense." Saffle v. Parks, 494 U.S. 484, 494 110 S.Ct 1257 (1990). In contrast, the Rule is procedural if it regulate only the manner of determining the defendant culpability. Schriro v. Summerlin 542 U.S. 348, 353 124 S.Ct. 2519 (2004)... The U.S. Supreme Court unequivocally held in Welch v. U.S. 136. S.Ct 1257 (2016) that Johnson announced a New Substantive Rule that has a Retroactive effect in cases on colleteral review. Specifically, the Supreme Court found that the Johnson rule was substantive because it narrowed the scope of the Arm Career Criminmal Act. by altering the Range of Conduct or the Class of person that the ACCA punishes. Welch, 136 S.Ct at 1265 (quoting Schriro v. Summerlin, 542 U.S. 348 353 (2004). Before Johnson, the Act applied to any person who possesed a firearm after 3 violent felony conviction, even if 1 or more of hose conviction fell under only the Residual Clause... After Johnson you are no longer Subject to the Act"... ④ Welch, 136 S.Ct at 1265 (quoting Schriro 542 at 353)

The Supreme Court held that Johnson did not create a procedural rule because "Johnson had nothing to do with the range of permissible methods of a court might use to determine whether a defendant should be sentenced under the Arm Career Criminal Act.." Welch 136 S.Ct at 1265 (citing Schrior, 542 U.S, at 353). Thus the Supreme Court declared that Johnson is a substantive decision and has a retroactive effect under Teague in cases on colleteral Review. Welch, 136. S.Ct at 1265. Because Johnson prohibits the imposition of an increased sentence on those defendant whose statues as Arm Career Criminals is dependant on offenses that falls within the Residual Clause," it is a substantive rule entitled to retroactive effect within the meaning of Teague v. Lane. 489 U.S. 288 (1989). Although Welch addressesd the Arm Career Criminal Act and not the career offender definition used in the Sentencing guidlines, the Supreme Court did not limit it holding to ACCA, and made no mention of a rule having to alter statutory limits to be substantive. Instead, the opinion compels the conclusion that johnson applies retroactive to guidline cases. Welch clarified that the substantive or procedural nature of a Rule- which govern it retroactivity — is determined by the Function of the Rule itself, not it's constituitinoal source or it context of application. The Rule's substantive character and Retroactivity do not change on the context.. Even if the Rule's context were Relevant, Johnson would be substantive in guidline cases. Just as in ACCA cases... Johnson has nothing to do with the range of Permissible methods a Court might use to determine whether "the Sentencing Provisions apply by, for Example, Allocating decision making Authority or Regulating evidence Welch. 136 S.Ct. at 1265. Instead as in the ACCA context, Johnson Altered the substantive reach of USSG 4B1.2(a) as it restricted the range of conduct and the class of Person deemed career offenders under the Sentecing Guidlines, See Welch 136. S.Ct at 1265, After Johnson a defendant with the same conviction and criminal history as Mr.Gibson's will no longer be subject to guidlines

⑤

Enhancements under the crime of violence Residual Clause.. When a Court has applied the Residual Clause of the crime of violence definition the sentence is based on that clause, whether it is inside or outside the guidline range. Peugh, 133 S.Ct at 2083). The Guidlines are in a Real sense the basis for the sentence.) (Quoting Freeman v. U.S. 131 S.Ct 2685, 2692 (2011)(Plurality opinion)(italics omitted) Because the Residual Clause is invalid under Johnson, it can no longer mandate or authorize any sentence" Welch 136 S.Ct at 1265 (emphasis added) Instead, the correct Guideline Range must be the basis for a sentence. Peugh, 133 S.Ct at 2082 See also Molina-Martinez v U.S. 136 S.Ct 1338, 1346 (2016) Therefore the Supreme Court decision in Welch extend to the career offender context and establishes that relief under Johnson is available retroactively on colleteral review for Mr. Gibson who were sentenced using the unconstitutional Residual Clause in the Sentencing Guidline Context. This is even more consireable for Mr. Gibson because he was sentenced under the mandatory Guidlines... In which in U.S. v. Booker 543 U.S. 220, 234 125 S.Ct 738 160 L.Ed 2d.621 (2005) which held " Because the Mandatory Guidlines are binding on judges we have consistenly held that the Mandatory Guidlines have the Force and Effect of Law... In standing Just as the ACCA is a Statue.. So, are the Mandatory Guidlines... In which anything exceed the statutory maximum or Guidline celing that has the <u>Force of Law</u> or <u>Force of Statue</u>, Judges or Forbbin to exceed it..., Booker v. U.S... See also NARVAEZ v. U.S. 674 F.3d 621 Allowing Section 2255 challenges Based on a new ACCA cases where offender was sentence in Pre-Booker Mandatory Regmine.. NARVAEZ was career offender, and was given Relief on an ACCA case made Retroactive for defendent on colleteral Review. Also see Whiteside v U.S. 748 F3d 541 550-51 holding that application of career offender guidline may be challenge in a 2255 motion... See also Doe v. U.S. 810 F3d 132, 154 (holding that Begay is Retroactive to Guidline-cases).. Under Teague Either a Rule is Retroactive or it's Not., And Johnson is clearly Retroactive for defendent

6

on colletRal Review. My 2K2.1 Enhancement for <u>Strong Arm Robbery</u>... is not in the Force clause or isn't an enumerated offense. It clearly under the Residual clause. And being that Johnson is A New, substantive Rule, Retroactive for defendant on colletRal Review, And ME being under the Mandatory Guidline A sentencing scheme, that has A Force of a Statue A force of law, I Am subject for Relief under the New Rule of law of Johnson.. I filed my 2255 Motion timely... And Request that this Court gRant Relief under Johnson, or Appoint A lawyER to the Futhering of My Motion... Thank you

Submited
<u>Joboyd Gibson</u>

7

Certificate of Service

I certify that on Feb. 05, 2017 I mailed a copy of this motion to the U.S. District Court of Northern District of Mississippi...

x /s/ Joboyd Gibson
Joboyd Gibson  pro se

8

⇔ 10999-042 ⇔
Johoyd Gibson
10999-042
Federal Correctional Institution
P.O.Box 4000
Manchester, KY 40962-4000
United States





U.S. POSTAGE
PAID
MANCHESTER, KY
40962
FEB 06, 17
AMOUNT
**$0.00**
R2305K141379-09





⇔ 10999-042 ⇔
Clerks Office
Northern District OF MISS
911 Jefferson AVE Room 369
US District Court
Oxford, MS 38655
United States