UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                        CRIMINAL CASE NO. 1:98CR120

JOBOYD UNDRE GIBSON

GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S
MOTION TO VACATE UNDER 28 U.S.C. § 2255

Petitioner-Movant Joboyd Undre Gibson filed a motion under 28 U.S.C. § 2255 to

vacate his sentence, alleging that his 120-month sentence for possession of a firearm by a

previously convicted felon is unconstitutionally invalid under *Johnson v. United States*, 576

U.S. ___, 135 S.Ct. 2551 (2015). Gibson's sentence was not statutorily enhanced by any

suspect definition of "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii), but his sentencing

guideline total offense level was enhanced under U.S. Sentencing Guideline Section

2K2.1(a)(2) because Gibson possessed the firearms after sustaining at least two felony

convictions for a "crime of violence" and "controlled substance offenses."  See, Presentence

Report (PSR), ¶¶ 38, 56, 60, and 70.

Gibson's motion to vacate should fail for a number of reasons, including: 1) Gibson's

motion is untimely; *2) Johnson* did not affect any U.S. Sentencing Guideline definition of

violent felony or crime of violence; 3) *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886

(2017) rejected application of *Johnson* to guideline definitions; and 4) Gibson has two

convictions for drug distribution and possession of drugs with intent to distribute and a conviction for strong armed robbery that are unaffected by *Johnson*.

To support its opposition to Gibson's motion, the government would show:

### Case history

After a Federal grand jury indicted Gibson on various charges in 1998 (Doc. 1), he pled guilty in 1999 to conspiracy to make false statements to a federally licensed firearms dealer to acquire firearms and being a felon in possession of a firearm (Docs. 34 and 38). While he had three prior convictions for serious drug offenses and violent felonies: sale of marijuana (PSR, ¶ 60), possession of marijuana with intent to distribute (PSR, ¶ 70), and strong armed robbery (PSR, ¶ 56), Gibson was not charged under 18 U.S.C. § 924(e) and did not face the minimum 15-year term of incarceration called for by that statute (Doc.1 and PSR, ¶ 100).

On September 14, 1999, the Court sentenced Gibson to serve 180 months in prison, being consecutive terms of 60 months for the false statements and 120 months for being a felon in possession of firearms (Doc. 54). The Court sentenced Gibson prior to the Supreme Court decision of *United States v. Booker*, 543 U.S. 220 (2005), which rendered the U.S. Sentencing Guideline advisory, rather than mandatory.

Gibson filed several motions requesting the Court to reconsider the sentence (Docs. 57, 59, 60, 62, and 64). The Court denied these motions (Doc. 66). Undeterred, Gibson then filed a motion asking the Court to reconsider the denial of his motions (Doc. 67), which the Court also denied (Doc. 68).

On March 24, 2016, Gibson filed the instant motion to vacate sentence citing *Johnson*
(Doc. 69) and has since filed numerous additional motions related to this motion to vacate
(See Docs. 70, 73, 74, 75, and 76).

### Gibson is not entitled to or eligible for relief

Gibson's motion is untimely because *Johnson* and *Welch v. United States*, 578 U.S.
___, 136 S.Ct. 1257 (2016) did not create or recognize a right that had been made
retroactively applicable to cases on collateral review regarding the constitutional vagueness
of definitions in pre-*Booker* mandatory guideline sentences. *Johnson* did not affect any
definition of violent felony or crime of violence other than the definition found in the
residual clause of 18 U.S.C. § 924(e)(2)(B)(ii).

*Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886 (2017) rejected application of
*Johnson* to U.S. Sentencing Guideline definitions. Gibson has convictions for drug
distribution and possession of drugs with intent to distribute that are unaffected by *Johnson*
and a conviction for strong armed robbery which is an enumerated crime of violence in
4B1.2(b)(1) and also has "as an element the use, attempted use, or threatened use of
physical force against the person of another," such that even were *Johnson* to apply to pre-
*Booker* mandatory guidelines, his convictions would still be constitutionally defined as
crimes of violence.

### 28 U.S.C. § 2255 standards

"After a defendant has been convicted and exhausted his appeal rights, a court may
presume that 'he stands fairly and finally convicted.'" *United States v. Frady*, 456 U.S. 152,

164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255:

> (1) the judgment was imposed in violation of the Constitution or laws of the United States;
> (2) the court was without jurisdiction to impose the judgment;
> (3) the sentence exceeds the statutory maximum sentence; or
> (4) the judgment or sentence is otherwise subject to collateral attack.
> 28 U.S.C. § 2255(a).

"Collateral attack limits a movant's allegations to those of 'constitutional or jurisdictional magnitude.' *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995) *(*citation omitted). Relief under § 2255 is reserved, therefore, for violations of 'constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice.' *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. 1981)." *Singleton v. United States*, No. 4:15CR51-NBB, 2017 WL 1066658, at *2 (N.D. Miss. Mar. 21, 2017) (internal citations and quotations included).

### Timeliness

Section 2255 motions must be filed in a timely manner as directed by Section 2255(f), which provides that a one-year limitation period run for filing from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)

Gibson's motion must fail because none of the 2255(a) factors is met: his sentence was not imposed in violation of the Constitution or laws of the United States, the Court had jurisdiction to impose the sentence, the sentence did not exceed the statutory maximum, and the sentence is not otherwise subject to attack.

As will be shown below, *Johnson* did not affect U.S. Sentencing Guideline definitions of "crime of violence." Further, under the current sentencing structure, *Beckles* conclusively holds that the definitions in the U.S. Sentencing Guidelines are not subject to constitutional vagueness challenges.

The offenses Gibson committed were in West Point and Columbus, Mississippi. The Court had jurisdiction to take Gibson's guilty plea and impose sentence.

Gibson faced a maximum 10-year term of incarceration for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The Court imposed the maximum provided for by law; therefore, Gibson's sentence did not exceed the statutory maximum. Likewise, Gibson's sentence is not otherwise subject to attack.

### Timeliness of Gibson's motion

The Court sentenced Gibson on September 14, 1999 and the judgment was entered on September 17, 1999 (Doc. 54). He did not appeal. His sentence was final many years before he filed the instant motion on March 21, 2016 (Doc. 69). None of the four possible dates in 28 U.S.C. § 2255(f) toll the one-year time limitation.

The only potential extension is 28 U.S.C. § 2255(f) (3), if *Johnson* were held to apply to definitions in the U.S. Sentencing Guidelines. As shown below, *Beckles* held the contrary.

Because Gibson was sentenced prior to *Booker*, he was subject to a mandatory guideline system, but even this does not make *Johnson* applicable to Gibson.

*Johnson* and *Welch v. United States*, 578 U.S. ___, 136 S.Ct. 1257 (2016) did not create or recognize a right that been made retroactively applicable to cases on collateral review regarding the constitutional vagueness of definitions in pre-*Booker* mandatory guideline sentences. This is best explained by Chief District Judge Camp from the District of Nebraska:

> The rule announced in *Johnson* and *Welch*, however, was that a prisoner may collaterally attack a sentence if it was imposed pursuant to the unconstitutionally vague residual clause in § 924(e)(2)(B) of the ACCA. *Johnson* and *Welch* did not call into question § 4B1.2(a)(2) of the Guidelines, the Guidelines in general, or any other sentencing provisions with similarly worded clauses. *Johnson*, 135 S. Ct. at 2561 (rejecting the suggestion that similarly worded "federal and state criminal laws" would be subject to "constitutional doubt"); *Welch*, 136 S. Ct. at 1262 (clarifying that "[t]he Court's analysis in *Johnson* thus cast no doubt on the many laws that require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion."). Therefore, the holding in *Johnson* did not announce a new rule invalidating the residual clause in § 4B1.2(a)(2) of the Guidelines.
>
> Defendant's § 2255 Motion seeks an extension, not an application, of the rule announced in *Johnson*. Such an extension would require "the post-conviction court [to] announce a second new rule that extends *Johnson* to the [mandatory] sentencing guidelines." *Donnell [v. United States]*, 826 F.3d [1014,] 1016. Section 2255(f)(3), however, requires the recognition of such a rule to "come from the Supreme Court, not from this [C]ourt." *United States v. Mason*, No. 2:10-CR-0080-LRS-1, 2016 WL 6803098, at *4 (E.D. Wash. Nov. 16, 2016) (denying § 2255 motion to vacate and correct sentence, and refusing to extend *Johnson* absent a new rule from the Supreme Court); *United States v. Kenney*, No. 1:92-CR-22, 2016 WL 7117919, at *3 (M.D. Pa. Dec. 7, 2016) (explaining "§ 2255(f)(3) explicitly requires that such a right be initially recognized by the Supreme Court").

*United States v. Russo*, No. 8:03CR413, 2017 WL 1533380 at *3 (D. Neb. Apr. 27, 2017) (internal citations and quotations included), see also *United States v. Ojeda*, No.

6

8:01CR196, 2017 WL 1495981 (D. Neb. Apr. 26, 2017) (same) and *Hodges v. United States*, No. C16-1521JLR, 2017 WL 1652967 (W.D. Wash. May 2, 2017) (same).

Whether pre-*Booker* mandatory U.S. Sentencing Guidelines may be subject to constitutional vagueness challenges based on a *Johnson*-type challenge was potentially left open by *Beckles*, but any such attack was clearly **not** made available for collateral review under 28 U.S.C. § 2255(f) by *Welch*. The Supreme Court "must provide initial recognition of [a] new rule." *Hodges*, at *2.

Because none of the avenues for review under 28 U.S.C. § 2255(a) are applicable, Gibson's motion must be denied.

### *Johnson*

*Johnson* held that the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii), defining "violent felony" as a crime punishable by more than one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another" as unconstitutionally vague. 135 S.Ct. at 2563. The Court rejected arguments that "dozens of federal and state criminal laws" that "use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,'" would be subject to "constitutional doubt." *Id.* at 2561, see also *Welch*, at 1262 (clarifying that "[t]he Court's analysis in *Johnson* thus cast no doubt on the many laws that require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion.").

### *Beckles*

*Beckles* squarely rejected application of *Johnson* to U.S. Sentencing Guideline definitions and application to post-*Booker* non-mandatory U.S. Sentencing Guideline

applications: "we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." 137 S. Ct. at 890. In a concurrence, Justice Sotomayor noted, the potential that a defendant sentenced prior to *Booker* could bring a vagueness attack on his mandatory Sentencing Guideline sentence was a question left open by the Court. 137 S.C. at 904 n. 4.

Neither the Fifth Circuit nor any of the district courts within its jurisdiction have ruled on whether a pre-*Booker* mandatory Sentencing Guideline sentence might be attacked on grounds of unconstitutional vagueness. The Eleventh Circuit reached the same conclusion that *Beckles'* reached, reasoning that *Johnson* does not extend to mandatory Guideline sentences:

In *United States v. Matchett*, 802 F.3d 1185 (2015), petition for cert. filed, No. 16-7598 (Jan. 11, 2017), the Eleventh Circuit adopted the rule that *Beckles* later ratified, that is, that "[t]he vagueness doctrine … does not apply to advisory guidelines." Id. at 1194. Subsequently, in *In re Griffin*, 823 F.3d 1350 (11th Cir. 2016), the court of appeals concluded that "the logic and principles established in *Matchett* … govern" challenges to sentences imposed "when the Guidelines were mandatory." *Id.* at 1354; see also *In re Sapp*, 827 F.3d 1334, 1336 (11th Cir. 2016) ("In [*Griffin*], we held that our reasoning in *Matchett* applied with equal force to the residual clause of the career-offender guideline in the context of the mandatory Guidelines."); *In re Sams*, 830 F.3d 1234, 1240 (11th Cir. 2016) (same); *In re Williams*, 826 F.3d 1351, 1355 (11th Cir. 2016) (per curiam) (same).

Prior to *Beckles*, the Seventh Circuit reached a contrary result in *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (en banc), when it held that the advisory guidelines

8

could be attacked on vagueness grounds, but recently acknowledged that *Hurlburt's* twin holdings that the advisory guidelines were not immune from vagueness challenges and that the career offender guideline was unconstitutionally vague were "overturned" by *Beckles*. See *United States v. Cook*, 850 F.3d 328, 333 (7th Cir. 2017).

Only the Ninth Circuit has squarely held that mandatory guidelines may be attacked on unconstitutional vagueness grounds—again—pre-*Beckles*. In *United States v. Linda Johnson*, 130 F.3d 1352 (9th Cir. 1997), the Ninth Circuit acknowledged that vagueness challenges to the (then-mandatory) Guidelines had been "questioned as theoretically unsound," *id.*, but it entertained such a challenge out of "deference" to the Supreme Court's statement in *United States v. Batchelder*, 442 U.S. 114, 123 (1979), that "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." 130 F.3d at 1354 (citing *Batchelder*).

In *Beckles*, however, the Supreme Court relied on *Batchelder* as support for its conclusion that vagueness challenges to the Sentencing Guidelines could not be maintained. The Court reasoned that *Batchelder* involved a vagueness challenge to two overlapping federal statutes that authorized different statutory maximum sentences for the same conduct. 137 S. Ct. at 893. *Beckles* confirms that the Ninth Circuit in *Linda Johnson* embraced an overly-broad construction of *Batchelder*, and that *Batchelder* only allows vagueness challenges to "sentencing provisions" that fix the permissible range of punishments, and not to mandatory Guidelines. *Id.*

9

*Beckles* conclusively held that the Sentencing Guidelines are not subject to consitutional vagueness attacks. Its clear reasoning should apply to both pre- and post-*Booker* cases.

### Prior convictions for controlled substance offenses and crime of violence

Regardless of whether *Johnson* and *Beckles* might apply to pre-*Booker* mandatory guideline sentences like Gibson's, he has three convictions that fit the definitions found in USSG § 2K2.1(a)(2) for controlled substance offenses and crime of violence.[1] Section 2K2.1(a)(2) mandates a base offense level of 24 for a felon in possession of a firearm who has two prior convictions for either controlled substance offenses or crimes of violence.

His conviction for strong-armed robbery under Mississippi law has, "as an element the use, attempted use, or threatened us of physical force against the person of another."

### Robbery

In *Johnson,* the Court specifically held that its decision "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. By extension, neither the enumerated offenses nor the "elements" or "force" clause of Section 4B1.2 would have been invalidated by *Johnson* if *Beckles* had been decided differently. Section 4B1.2(a)(2) includes robbery as an enumerated offense.

---

[1] Gibson also has a conviction for assault. It is unclear how the indictment read and Mississippi prohibits simple and aggravated assault in Mississippi Code Section 97-3-7. It is arguable that Gibson's assault conviction also meets the elements definition of a crime of violence under the U.S. Sentencing Guidelines, but because other convictions are sufficient to invoke the enhanced base offense level, the government does not argue that his assault conviction is one of the qualifying offenses under 2K2.1(a)(2).

In determining whether a state offense constitutes an "enumerated" offense listed in Section 4B1.2, the court must ask whether the state offense "is the equivalent of the ordinary, common meaning" of the enumerated offense. *Farmer v. United States*, 1:12CR166, 2016 WL 4204085, * 3 (5th Cir., Aug. 9, 2016).

The Model Penal Code defines robbery as:

> (1) **Robbery Defined.** A person is guilty of robbery if, in the course of committing a theft, he: (a) inflicts serious bodily injury upon another; or (b) threatens another with or purposely puts him in fear of immediate serious bodily injury; or (c) commits or threatens immediately to commit any felony of the first or second degree. § 222.1. Robbery, Model Penal Code § 222.1.

Mississippi defines robbery as:

> Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery. Miss. Code. Ann. § 97-3-73 (West).

Mississippi's robbery statute includes the same elements of taking property from a person or a person's presence by means of force or putting that person in fear. The Mississippi Supreme Court has recognized as much in *Ashley v. Mississippi*, 538 So.2d 1181, 1185 (Miss. 1989) ("attempted robbery is a crime of violence") and *Cole v. Mississippi*, 666 So2d 767, 778 (Miss. 1995) ("Robbery is *per se* a crime of violence.").

Additionally, in affirming New York's robbery statute as a generic or ordinary, common robbery statute, the Fifth Circuit observed: "'[T]he generic form of robbery may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person,' such as taking property from a person or a person's presence by means of force or putting in fear, as in New York's § 160.00. *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380–81 & n. 5. (5th

11

*Cir.2006), abrogated on other grounds by [United States v.] Rodriguez [,* 711 F.3d 541, 552 n. 16, 553 n. 17, 558 (5th Cir.2013) (en banc)]." *United States v. Sanchez-Ramos,* 642 F. App'x 326, 328 (5th Cir. 2016) (internal quotation and citations included).

### Drug convictions

Gibson's state drug convictions fit the definition of controlled substance offenses under U.S. Sentencing Guideline definitions. One conviction was for sale of drugs for which Gibson received a one and one-half year sentence (PSR, ¶ 60). The other was for possession with intent to distribute drugs for which Gibson received a six-year sentence (PSR, ¶ 70). Section 4B1.2(b) describes controlled substance offenses as including both distribution of drugs and possession of drugs with intent to distribute if the offense is punishable by more than one-year imprisonment. Gibson's two drug convictions fill Section 4B1.2(b)'s parameters.

### Conclusion

Gibson's motion to vacate should be denied.

Respectfully submitted,

ROBERT H. NORMAN
Acting United States Attorney

By: */s/ Paul D. Roberts*
PAUL D. ROBERTS
Assistant United States Attorney
Mississippi Bar No. 5592

## CERTIFICATE OF SERVICE

I, PAUL D. ROBERTS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I have filed the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO VACATE UNDER 28 U.S.C. § 2255** with the Clerk of the Court using the ECF system which sent notification of such filing to:

Gregory S. Park
Greg_Park@fd.org

I also sent a true copy of such filing, via U. S. Mail, to:

Joboyd Undre Gibson
Reg. No. 10999-042
FCI-Knot A
P.O. Box 4000
Manchester, KY 40962-4000

This the __10*th*__ day of ___May___, 2017.

_/s/ Paul D. Roberts_
PAUL D. ROBERTS
Assistant United States Attorney