## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**JOBOYD UNDRE GIBSON**                                                **MOVANT**

**v.**                                                **No. 1:98CR120-NBB**

**UNITED STATES OF AMERICA**                                                **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the motion of Joboyd Undre Gibson to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be dismissed as untimely filed and for want of substantive merit.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*.

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

- 2 -

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

- 3 -

**Facts and Procedural Posture**

Joboyd Undre Gibson was indicted by a federal grand jury on a variety of charges in 1998 and ultimately pled guilty in 1999 to charges of conspiracy to make false statements to a federally licensed firearms dealer to acquire firearms and being a felon in possession of a firearm. Docs. 34, 38. Gibson had three prior convictions for serious drug offenses and violent felonies: sale of marijuana (PSR, ¶ 60), possession of marijuana with intent to distribute (PSR, ¶ 70), and strong armed robbery (PSR, ¶ 56); however, he was not charged under 18 U.S.C. § 924(e) and did not face the minimum 15-year term of incarceration as provided in that statute. Doc. 1 and PSR, ¶ 100.

On September 14, 1999, the court sentenced Gibson to serve 180 months in prison, consecutive terms of 60 months for the false statements charge and 120 months for being a felon in possession of a firearm. Doc. 54. The court imposed Gibson's sentence before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which rendered the United States Sentencing Guidelines advisory, rather than mandatory.

Gibson filed several motions requesting the court to reconsider the sentence (Docs. 57, 59, 60, 62, and 64). The court denied the motions. Doc. 66. Undeterred, Gibson requested that the court reconsider its denial of those motions, Doc. 67, and the court denied that request. Doc. 68.

On March 24, 2016, Gibson filed the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that the Supreme Court's decision in *Johnson v. United States* precludes the court from imposing the 180-month sentence. *Johnson v. United States*, 576 U.S. ____, 135 S.Ct. 2551 (2015).

- 4 -

**One-Year Limitations Period**

Motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 are subject to a one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on this the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> *(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added). In this case, subsection (1) applies; the limitations period starts to run from "the date on which the judgment of conviction becomes final." Mr. Gibson argues, however, that under the Supreme Court's decision in *Johnson, supra*, the language in the statute of his conviction regarding the definition of "violent felony" is unconstitutionally vague. Thus, he argues that the one-year limitations period for § 2255 relief began on the date the Supreme Court decided *Johnson* (under subsection (f)(3)), rather than the date his conviction became final (under subsection (f)(1)).

Mr. Gibson's motion is untimely because neither *Johnson* nor *Beckles v. United States*, 137 S.Ct. 886 (2017) created or recognized a right made retroactively applicable to cases on collateral review as to the vagueness of definitions in pre-*Booker* mandatory guideline sentences. The ruling in *Johnson* was limited to the definition of "violent felony" found in the residual clause of 18 U.S.C. §

- 5 -

924(e)(2)(B)(ii). Indeed, the Supreme Court has rejected the application of *Johnson* to U.S.S.G.

definitions. *Beckles v. United States*, 137 S. Ct. 886, 894, 197 L. Ed. 2d 145 (2017).

> The United States District Court for the District of Nebraska explained this well:
>
> The rule announced in *Johnson* and *Welch*, however, was that a prisoner may collaterally attack a sentence if it was imposed pursuant to the unconstitutionally vague residual clause in § 924(e)(2)(B) of the ACCA. *Johnson* and *Welch* did not call into question § 4B1.2(a)(2) of the Guidelines, the Guidelines in general, or any other sentencing provisions with similarly worded clauses. *Johnson*, 135 S.Ct. at 2561 (rejecting suggestion that similarly worded "federal and state criminal laws" would be subject to "constitutional doubt"); *Welch*, 136 S.Ct. as 1262 (clarifying that "[t]he Court's analysis in *Johnson* thus cast no doubt on the many laws that require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion.") Therefore, the holding in *Johnson* did not announce a new rule invalidating the residual clause in § 4B1.2(a)(2) of the Guidelines.
>
> Defendant's § 2255 Motion seeks an extension, not an application, of the rule announced in *Johnson*. Such an extension would require "the post-conviction court [to] announce a second new rule that extends *Johnson* to the [mandatory] sentencing guidelines." *Donnell [v. United States]*, 826 F.3d [1014,] 1016. Section 2255(f)(3), however, requires the recognition of such a rule to "come from the Supreme Court, not from this [C]ourt." *United States v. Mason*, No. 2:10-CR-0080-LRS-1, 2016 WL 6803098, at *4 (E.D. Wash. Nov. 16, 2016) (denying § 2255 motion to vacate and correct sentence, and refusing to extend *Johnson* to the Sentencing Guidelines absent a new rule from the Supreme Court); *United States v. Kenney*, NOo. 1:92-CR-22, 2016 WL 7117919, at *3 (M.D. Pa. Dec. 7, 2016) (explaining "§ 2255(f)(3) explicitly requires that such a right be initially recognized by the Supreme Court").

*United Stats v. Russo*, No. 8:03CR413, 2017 WL 1533380 at *3 (D. Neb. Apr. 27, 2017) (internal

citations and quotations included). In this case, the Supreme Court has not provided initial recognition

of a new rule; as such, Mr. Gibson may not rely upon 28 U.S.C. § 2255(f)(3) to reset the date his

conviction became final to the date of the *Johnson* decision. The limitations period thus began to run

when his conviction became final as set forth in 28 U.S.C. § 2255(f)(1), as calculated below.

The Fifth Circuit has held that, as with the *habeas corpus* challenge to a state conviction

under 28 U.S.C. § 2254, the limitations period to challenge to a federal conviction under 28

U.S.C. § 2255 "becomes final generally upon the expiration of direct review or the time for seeking direct review." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Thus:

> [f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.

*Clay v. United States*, 537 U.S. 522, 525, 123 S. Ct. 1072, 1074, 155 L. Ed. 2d 88 (2003). Finally, when a criminal defendant chooses not to pursue a direct appeal of his conviction, that conviction "becomes final for purposes of § 2255 upon the expiration of the [14]-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Judgment was entered in this case on September 16, 1999. Doc. 54. He did not appeal his conviction or sentence; as such, his conviction became final 14 days later on September 30, 1999. Thus, the deadline for Mr. Gibson to seek relief under 28 U.S.C. § 2255 expired on October 2, 2000.[1] Mr. Gibson filed the instant § 2255 motion on March 21, 2016, nearly 16 years late.

### Gibson's Prior Convictions Qualify as Crimes of Violence or Controlled Substance Offenses

Mr. Gibson has convictions for drug distribution and possession of drugs with intent to distribute that are unaffected by *Johnson*, as well as a conviction for robbery, which is an enumerated crime of violence in U.S.S.G. § 4B1.2(a)(2) – and also contains "as an element the use, attempted use, or threatened use of physical force against the person of another" as set forth in 18 U.S.C. § 924(e)(2)(B)(i) and U.S.S.G. § 4B1.2(a)(1). Thus, even if *Johnson* could be applied to pre-*Booker* mandatory Guidelines, Mr. Gibson's convictions would properly be defined as crimes of violence, as the definitions in question can be found in Code and Guidelines sections unaffected by *Johnson*.

---

[1] September 30, 2000, fell on a Saturday; as such, the filing deadline became the next business day, Monday, October 2, 2000.

Mr. Gibson has three convictions which qualify as controlled substance offenses or crimes of violence in the enumerated offenses under U.S.S.G. § 2K2.1(a)(2).[2]  Application note 1 of § 4B1.2 states that "Crime of violence includes … robbery."  Gibson's state drug convictions fit the definition of controlled substance offenses under U.S.S.G. definitions.  One was for sale of drugs, for which he received a 1½ year sentence.  PSR, ¶ 60.  The other was for possession of drugs with intent to distribute, for which he received a six-year sentence.  PSR, ¶ 70.  Section 4B1.2(a)(2) includes robbery as an enumerated offense.  To qualify as an enumerated offense under 4B1.2(a)(2), the offense must be "the equivalent of the normal, common meaning" of the enumerated offense.  The Model Penal Code defines robbery as:

> Robbery Defined:  A person is guilty of robbery if, in the course of committing a theft, he:  (a) inflicts serious bodily injury upon another; or (b) threatens another with or purposely puts him in fear of immediate serious bodily injury; or (c) commits or threatens immediately to commit a felony of the first or second degree.

§ 222.1.  Robbery, Model Penal Code.

> Mississippi defines robbery as:

> Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.

Miss. Code Ann. § 97-3-73.  The Mississippi robbery statute contains the same elements as the Model Penal Code, and the Mississippi Supreme Court has recognized robbery as a crime of violence. *Ashley v. Mississippi*, 538 So.2d 1181, 1185 (Miss. 1989); *Cole v. Mississippi*, 666 So.2d 767, 778 (Miss. 1995) ("Robbery is a *per se* crime of violence.")  Thus, Mr. Gibson's Guidelines Range and sentence were appropriate.

---

[2] Application Note 5 to U.S.S.G. § 2K2.1 explicitly incorporates the § 4B1.2 definition of "crime of violence."

**Conclusion**

In sum, the instant motion to vacate, set aside, or correct sentence will be denied as untimely filed and without substantive merit. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of February, 2019.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE