IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                  CRIMINAL NO. 1:98-CR-120-SA

JOBOYD UNDRE GIBSON                               DEFENDANT

ORDER

Joboyd Undre Gibson has filed a pro se Motion [110] seeking a sentence reduction. He argues that the Court should grant compassionate release. The Government opposes the request.

*Relevant Factual and Procedural Background*

On December 11, 1998, Gibson, along with two co-Defendants, was charged in a seven-count Indictment [1]. The charges included conspiracy to make false statements to obtain firearms as a convicted felon, possession of firearms and ammunition by a convicted felon, and causing another to lie to a firearms' dealer to illegally obtain firearms.

Gibson ultimately pled guilty to Count One (conspiracy to make false statements) and Count Six (possession of firearms and ammunition as a convicted felon). On September 16, 1999, the Court sentenced Gibson to serve a term of imprisonment of 180 months—60 months on Count One and 120 months on Count 6, to be served consecutively. *See* [54]. The Court also directed that the federal sentence run consecutive to a previous state sentence.

Since Gibson was serving a state sentence at the time, his federal sentence did not commence until January 2013. He is currently housed at Greenville FCI with an anticipated release date of October 22, 2026. *See* www.bop.gov/inmateloc/.

As noted above, he now seeks a sentence reduction. He contends that the sentence imposed was unusually long, justifying compassionate release.

*Analysis and Discussion*

"A judgment of conviction, including a sentence of imprisonment, 'constitutes a final judgment and may not be modified by a district court except in limited circumstances.'" *U.S. v. McCallister*, 2020 WL 1940741, at *2 (W.D. La. Apr. 21, 2020) (quoting *Dillon v. U.S.*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)). Although the Court's authority to modify a sentence of imprisonment is limited, 18 U.S.C. § 3582(c)(1)(A) provides such authorization.

Under Section 3582(c)(1)(A)(i), the Court may modify a previously imposed term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the Section 3353(a) factors before granting compassionate release.[1]

Section 1B1.13 of the Sentencing Guidelines provide in pertinent part:

> **(b) Extraordinary and Compelling Reasons.--** Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> . . .
>
> **(6) Unusually Long Sentence.--** If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed,

---

[1] The statute also contains an exhaustion of administrative remedies requirement, specifically stating that the district court may act to modify the sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" *Id*. at § 3582(c)(1)(A). Gibson has attached to his filing documentation indicating that he has complied with this prerequisite. The Court will therefore consider the request on its merits.

> and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Gibson's case is easily resolved. He did not receive an unusually long sentence. As articulated by the Government:

> Defendant cannot [] establish that the sentence he received is unusually long or grossly disparate to the sentence he might receive today—in fact, if he were sentenced under the current iteration of the guidelines, while his sentence range [would be] reduced from 360 months to life incarceration to 292-365 months incarceration due to a 4-level reduction in offense level for cocaine base, his suggested range would remain 180 months because of the statutory maximum sentences of the two counts he pled guilty to committing.

[114] at p. 10-11 (citations omitted).

The Court agrees. No authority has been presented to indicate that the sentence Gibson received is grossly disparate than one he would receive if sentenced today. In fact, the contrary appears to be the case.

Additionally, it is a moot point because the Section 3553(a) factors clearly do not support the requested relief. *United States v. Shkambi*, 993 F.3d at 388, 393 (5th Cir. 2021) (explaining in compassionate release context that "[t]he district court on remand is bound only by § 3582(c)(1)(A)(i) and, *as always, the sentencing factors in § 3553(a)*) (emphasis added). In a previous Order [99] denying Gibson's request for compassionate release, the Court put it this way:

> Additionally, the court finds Gibson's motion should be denied because of the severity of his criminal history and the potential danger he poses to others in the community. Gibson was convicted of conspiracy to make false statements in connection with the acquisition of firearms as a convicted felon and with the unlawful transport of firearms. His crime involved a conspiracy to acquire more than four dozen firearms, and the offense was committed while Gibson was on probation for other crimes. When he was arrested with several others, more than two dozen guns, ammunition, and marijuana were recovered. A review of Gibson's criminal history

> reveals multiple prior felony convictions by the age of 25 and includes violent crimes, sales of illegal drugs, burglaries, assault, various drug possession charges, and carrying a concealed weapon. Given this history, it would be unreasonable for this court to find that Gibson does not present a potential danger to the community.

[99] at p. 3.

The Court sees no need to revisit that analysis. The nature and circumstances of the offense and the history and characteristics of the Defendant weigh heavily against release. Furthermore, the need for the sentence imposed is high, as it is necessary to reflect the seriousness of Gibson's offenses, to promote respect for the law, provide just punishment, and—most importantly—to protect the public. The Section 3553(a) factors counsel heavily against compassionate release.

*Conclusion*

Gibson is not entitled to a sentence modification. His Motion [110] is DENIED. His Motion for Extension of Time [115] is DENIED AS MOOT.

SO ORDERED, this the 10th day of December, 2024.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE

4